IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| WTI, INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 2:10-CV-0238-RWS |
| JARCHEM INDUSTRIES, INC., : | |
| : | |
| Defendant. : | |
| : | |
| : | |

**ORDER**

This case is before the Court for consideration of Plaintiff WTI, Inc.'s ("WTI") Motion to Exclude Expert Witnesses [118] and Motion to Compel [122]. After reviewing the record, the Court enters the following Order.

**Background of the Case**

WTI originally filed this action in the Superior Court of Jackson County against Jarchem Industries, Inc. ("Jarchem") asserting claims for breach of expressed warranties, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, negligence per se, negligence, breach of contract, and attorney's fees. Jarchem removed the action to this Court and filed a counterclaim against WTI.

WTI filed a Motion for Leave of Court to Amend its Complaint [58] and both parties filed Motions for Summary Judgment [59 and 61]. On July 30, 2012, the Court entered an Order [100] denying both parties' Motions for Summary Judgment and granting Plaintiff's Motion for Leave of Court to Amend its Complaint. The Amended Complaint asserted three (3) additional claims against Defendant: an additional breach of contract claim, a claim for fraud, and a claim for punitive damages [101].

The Order granting Plaintiff's Motion for Leave of Court to Amend its Complaint provided: "Plaintiff's proposed Amended Complaint is deemed ADMITTED as of the date of this Order. Because Plaintiff moved to amend after the close of discovery, the Court will extend discovery for sixty (60) days after the date of this Order. Should the parties elect to conduct additional expert discovery during this time, the parties are reminded to follow Local Rules and to notice the expert promptly." (July 30 Order [100] at 37).

In that same Order, the Court denied WTI's Motion to Exclude Expert Kenneth McMillin [85]. The Court found that Jarchem failed to file the Local Rules and the Federal Rules of Civil Procedure in designating McMillin as an expert. However, the Court did not exclude McMillin for use at trial, "if

2

Defendant properly notices the use of McMillin in the next phase of discovery. However, Defendant must properly follow the Federal and Local Rules during the next discovery phase and timely disclose McMillin, including his written report." Id. at 10 (footnote omitted).

## **Discussion**

Plaintiff's Motion to Exclude Expert Witnesses

Pursuant to the Court's July 10 Order, the parties engaged in an additional period of discovery for a period of sixty (60) days following entry of the Order. On September 12, 2012, Jarchem filed its Third Supplemental Initial Disclosures [106] which included an unsigned expert report by McMillin. These Disclosures also included an attachment that provided notice regarding two additional experts. The disclosure stated: O. John Jacobus, Ph.D. "is expected to offer testimony that Jarchem's sodium diacetate is free of defects which would cause it to turn to turbid in a water solution." A curriculum vitae for Dr. Jacobus was attached. The disclosures also stated: Lucina Lampila, Ph.D. "is expected to offer testimony that Jarchem's sodium diacetate is compliant with the requirements of the Food Chemical Codex." A curriculum vitae for Dr. Lampila was also attached.

3

AO 72A
(Rev.8/82)

On October 1, 2012, Jarchem filed its Fourth Supplemental Initial Disclosures [115], which included a report by Dr. Jacobus.

On October 8, 2012, the parties submitted a Consent Motion [116] extending discovery through December 11, 2012 which was granted by Order [117] entered on October 9, 2012.  On December 10, 2012, Jarchem filed a Motion seeking an extension of discovery through January 10, 2013, which Motion was granted by Order [133] of the Court entered on December 12, 2012.

WTI filed a Motion [118] to exclude any expert testimony by Dr. Jacobus or Dr. Lampila.  WTI contends that the Supplemental Disclosures filed by Jarchem failed to satisfy the requirements of Federal Rule of Civil Procedure 26(a) and Local Rule 26.2C.  First, WTI asserts that the expert reports are not signed as required by Federal Rule of Civil Procedure 26(a)(2)(A).  The report submitted for Dr. Jacobus fails to meet this clearly-stated requirement of the Rules.  However, the Court finds that the failure to sign the report, alone, is not a sufficient basis for excluding the expert.  Under these circumstances, the Court finds the failure to be harmless.  See Jenkins v. Bartlett, 487 F.3d 482, 488 (7th Cir. 2007).

AO 72A
(Rev.8/82)

WTI also objects to the disclosures as untimely. Essentially, WTI asserts that the experts should have been disclosed in the original discovery period that occurred prior to the filing of the Amended Complaint. The Court agrees that the subjects identified for these experts were a part of the case based upon the original Complaint. However, when the Court granted WTI's Motion to File an Amended Complaint, discovery was re-opened. At that time, the Court contemplated that new experts might be disclosed and required that the parties comply with applicable discovery rules in that event. Thus, parties were permitted to identify new experts in the new discovery period.

WTI also objects to Jarchem's failure to provide expert reports for the new expert witnesses. As to Dr. Lampila, no expert report has been provided. Thus, the Court finds that Jarchem has failed to comply with the applicable rule as to Dr. Lampila and **GRANTS** WTI's Motion to Exclude her as a witness.

As to Dr. Jacobus, an expert report was provided with Defendant's Fourth Supplemental Initial Disclosure dated October 1, 2012. While an earlier disclosure would have been more appropriate, the Court finds that Dr. Jacobus should be permitted to testify concerning opinions set out in that report. WTI filed its Motion to Exclude Dr. Jacobus soon after his report was filed. It is not

5

apparent from the docket whether WTI withheld deposing Dr. Jacobus pending a decision by the Court or proceeded with the taking of his deposition.  In the event he has not been deposed, discovery is extended for fourteen (14) days for the sole purpose of allowing WTI to take the deposition of Dr. Jacobus.

Based on the foregoing, WTI's Motion to Exclude Expert Witnesses [118] is **GRANTED IN PART** and **DENIED IN PART**.  The Motion is granted as to Dr. Lampila but denied as to Dr. Jacobus.

Motion to Compel

In its Amended Complaint, WTI asserted a claim for punitive damages against Jarchem.  Seeking discovery with respect to the punitive damages claim on August 23, 2012, WTI served Plaintiff's Second Interrogatories and Plaintiff's Third Request for Production of Documents and Other Evidence on Jarchem. [104 and 105].  Jarchem objected to the Interrogatories and Requests.  Despite good faith efforts to resolve the dispute, Jarchem continues to refuse to respond to the Interrogatories and Requests.

Jarchem's objection to the discovery is primarily based upon Georgia law that requires an evidentiary showing that a factual basis exists for punitive damages before a party can obtain discovery of financial resources.  Holman v.

6

Burgess, 199 Ga. App. 61, 64 (1991).  Though state courts may require such an evidentiary showing, "federal law does not require any demonstration beyond Rule 26(b) relevance to allow a party to obtain financial information, including tax records, through discovery."  Callaway v. Papa John's USA, Inc., Case No. 09-61989-Civ, 2010 WL 4024883, *2 (S.D. Fla. October 12, 2010).  The Court finds that the information sought by WTI is relevant to the punitive damages claim, and therefore, it is discoverable.

Jarchem also asserts a general objection to the overbreadth of WTI's request.  However, Jarchem fails to address the specific requests and the basis for his assertion for overbreadth. "Courts have the duty to pare down overbroad discovery requests under Rule 26(b)(2), which provides that information may sometimes be withheld, even if relevant.  The objecting party, however, must do more than simply intone the familiar litany that the interrogatories are burdensome, oppressive or overly broad before a court will narrow overbroad discovery.  Instead, the objecting party must show specifically how each question is overly broad, burdensome or oppressive."  Williams v. The Art Inst. of Atlanta, Civ. Act. No. 1:06-CV-285-CC/AJB, 2006 WL 3694649, at *4 (N.D. Ga. September 1, 2006)(internal citations and quotations omitted).

7

Finally, Jarchem asserts that the requested information is not discoverable "because several of Plaintiff's alleged causes of action do not support punitive damages" and because punitive damages are capped under Georgia law. (Resp. Br. [126] at 13-14). While it is true that some of WTI's claims against Jarchem will not support a claim for punitive damages, claims are asserted that will support such damages. Further, it is not clear that the punitive damages cap will apply in this case.

Therefore, discovery by WTI is permitted. Plaintiff's Motion to Compel [122] is **GRANTED**. Jarchem shall provide the discovery requested by WTI within fourteen (14) days of the entry of this Order. WTI is awarded attorney's fees for the bringing of the Motion to Compel and shall submit a statement of fees within seven (7) days of the entry of this Order. Jarchem shall have seven (7) days thereafter within which to file objections.

## Conclusion

Plaintiff's Motion to Exclude Expert Witnesses [118] is **GRANTED IN PART** and **DENIED IN PART**. The Motion is granted as to Dr. Lucina Lampila and denied as to Dr. John Jacobus. Plaintiff's Motion to Compel [122] is **GRANTED**. Jarchem shall provide the discovery requested by WTI within

8

fourteen (14) days of the entry of this Order.  WTI is awarded attorney's fees for the bringing of the Motion to Compel and shall submit a statement of fees within seven (7) days of the entry of this Order.  Jarchem shall have seven (7) days thereafter within which to file objections.

**SO ORDERED**, this   11th   day of January, 2013.

_____
**RICHARD W. STORY**
United States District Judge